**EXHIBIT 1**



**Service of Process Transmittal**
02/26/2009
CT Log Number 514499806

| | |
|---|---|
| **TO:** | Larry Weis<br>Empire Pipeline Corporation<br>200 East Highway 32<br>Lebannon, MO 65536- |
| **RE:** | **Process Served in Texas** |
| **FOR:** | EMPIRE PIPELINE CORPORATION (Domestic State: TX) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | H. Glenn Gunter, Pltf. vs. Empire Pipeline Corporation, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Return Form, Original Petition and Application for Injunctive Relief, Affidavit |
| **COURT/AGENCY:** | 296th Judicial District Court Collin County, TX<br>Case # 296006512009 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - Seeking injunctive relief |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/26/2009 at 10:40 |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days |
| **ATTORNEY(S) / SENDER(S):** | Emil Lippe, Jr.<br>Law Offices of Lippe & Associates<br>Plaza of the Americas, South Tower<br>600 N. Pearl Street, Suite S2460<br>Dallas, TX 75201<br>214-855-1850 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex Priority Overnight , 791213316213 |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | C T Corporation System<br>Beatrice Casarez<br>350 North St Paul Street<br>Suite 2900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Page 1 of 1 / SG

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

THE STATE OF TEXAS
CIVIL CITATION
CASE NO. 296-00651-2009

H Glenn Gunter

v.

Empire Pipeline Corporation

In the 296th District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: Empire Pipeline Corporation
by serving registered agent
CT Corporation System
350 N St Paul St
Dallas TX 75201, Defendant

26 Feb 2009

10:40

GREETINGS: You are commanded to appear by filing a written answer to **Plaintiff's Original Petition and Application for Injunctive Relief** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 296th District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Emil J Lippe 600 N Pearl St #S2460 Plaza Of Americas South Tower Dallas TX 75201-3005 (Attorney for Plaintiff or Plaintiffs), on February 18, 2009, in this case, numbered 296-00651-2009 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition and Application for Injunctive Relief** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 18th day of February, 2009.

ATTEST: Hannah Kunkle, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

By: _____, Deputy
Nancy Sell

The law prohibits the Judge and the clerks from giving legal advice, so please do not seek such advice. Any questions you have should be directed to an attorney.

CAUSE NO. 296-00657-2009

| | | |
|---|---|---|
| H. GLENN GUNTER, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 296 JUDICIAL DISTRICT |
| | § | |
| EMPIRE PIPELINE CORPORATION, | § | |
| Defendant. | § | COLLIN COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND APPLICATION FOR INJUNCTIVE RELIEF

TO THE HONORABLE JUDGE OF SAID COURT:

H. Glenn Gunter, Plaintiff, hereby files this his Original Petition and Application for Injunctive Relief, complaining of Empire Pipeline Corporation as Defendant, and for cause of action states the following.

**Parties and Jurisdiction**

1. Plaintiff H. Glenn Gunter ("Gunter") is an individual resident of Collin County, Texas.

2. Defendant Empire Pipeline Corporation ("Empire") is a Texas corporation with principal offices and place of business in Cresson, Hood County, Texas, which may be served with process by serving its registered agent CT Corporation System at 350 N. St. Paul Street, Dallas, Dallas County, Texas 75201.

3. Venue is proper in this county because Plaintiff resides herein, the damages and injury caused by Defendant's fraudulent actions have occurred and will continue to occur here, and some of the acts and omissions giving rise to this cause of action occurred herein.

PLAINTIFF'S ORIGINAL PETITION AND
APPLICATION FOR INJUNCTIVE RELIEF 2009 FEB 18 AM 11:05                              PAGE 1

4. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

5. This is a Discovery Level 2 case pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

### Background Facts

6. On or about September 3, 2005, Gunter entered into an Exploration Agreement with Empire Pipeline Corporation, whereby he agreed to furnish certain oil and gas prospects to Empire. The Exploration Agreement provided for Gunter to receive compensation in the form of an overriding royalty interest for oil and gas lease prospects that he located and presented to Empire that it accepted. On or about September 7, 2005, Gunter entered into an Employment Agreement with Empire, which provided for certain salary and other benefits for Gunter, whereby Gunter was to serve as Vice-President/General Manager for Empire.

7. Gunter was wrongfully terminated by Empire on January 27, 2006. Litigation arose thereafter, which is still pending before the Court of Appeals for the Fifth Supreme Judicial District at Dallas, Texas. Among other things, the disputes in such prior litigation include whether or not an alleged settlement agreement was entered into between the parties providing for certain consideration to Gunter.

8. In or around January 31, 2009, Empire prepared and caused to be mailed to Gunter via the United States Mails a Form 1099-MISC, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated by this reference (hereafter "the fraudulent 1099"). On information and belief, the fraudulent 1099 was also mailed to the United States Revenue Service.

9. In the fraudulent 1099, Empire is representing to the United States Internal Revenue

PLAINTIFF'S ORIGINAL PETITION AND
APPLICATION FOR INJUNCTIVE RELIEF-                                        PAGE 2

Service, under penalty of perjury, that it paid Gunter the sum of $500,000.00 during calendar year 2008. Such representation was sent via the United States Mails, through the instrumentalities of interstate commerce. Such representation is absolutely false, because Gunter has not received, endorsed, and retained any such sum of money. Instead, during the course of the dispute between the parties in the prior litigation, Empire tendered a check to Gunter in such amount, which tender was unconditionally rejected, and the check was returned to Empire. Gunter has never accepted such payment or assumed ownership or control of such funds, and such funds have not been paid to anyone on behalf of Gunter. If the funds to pay such check were ever in fact in Empire's account, such funds have at all times remained exclusively withing Empire's control, and have never been subject to Gunter's control.

10. Empire has actual knowledge of the falsity of the representation which it is making to Gunter and the United States Internal Revenue Service via the fraudulent 1099, and knowingly caused such fraudulent misrepresentation to be transmitted via the United States mail. Empire is making such misrepresentation knowingly, and such representation is material because it seeks to impose substantial civil and criminal liability upon Gunter for not reporting receipt of such sum of money. Empire is making such misrepresentations maliciously and with gross indifference to the harm that it knows will be caused to Gunter, intending thereby to cause him substantial damages, civil penalties, and possible criminal liability for failing to report a half million dollars that he has not received.

11. Such fraudulent 1099 issued by Defendant was and remains totally false, scandalous, and was issued and published with absolutely no regard for its truth, but was instead made and

published maliciously, recklessly, and with conscious disregard for the rights of Plaintiff, and was calculated to cause criminal prosecution of Plaintiff. Defendant has knowingly and maliciously sought to, and in fact, defame, disparage, and malign Plaintiff, and to place him in a false light. Defendant's motivation was not to report money actually paid to Plaintiff in compliance with law, but instead to harm Gunter. 

## COUNT I

12. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 11 above as if the same were fully set forth herein.

13. This is an action for libel, slander, false light, and defamation based on the false statements and publications of Defendant contained in the fraudulent 1099.

14. The defamatory statements contained in the fraudulent 1099 were published, and were designed and intended to cause great harm and damage to Plaintiff in his business and property. The false statements contained therein have caused disparagement of Plaintiff, damaged him in his personal and business reputation, and have in fact proximately caused such damages which are severe, irreparable, and ongoing. Thus, Plaintiff was greatly damaged as the proximate result of the Defendant's outrageously defamatory statements, in amounts far exceeding the minium jurisdictional limits of this Court, which shall continue and increase.

15. As the proximate result of the unlawful acts of Defendant, Plaintiff has suffered actual and consequential damages, including damage to business reputation and mental anguish and emotional distress in amounts far exceeding the minium jurisdictional limits of this Honorable Court, for which Plaintiff demands recovery from Defendant, to the extent that he is not fully compensated by the injunctive relief to be awarded herein. Plaintiff further seek recovery of all his actual and

consequential damages from Defendant due to such illegal actions, plus prejudgment and postjudgment interest in the maximum amounts allowed by law, in amounts exceeding the minimum jurisdictional limits of the Court, to the extent that the injunctive relief provided herein does not fully compensate Plaintiff for all the wrongful actions and omissions of Defendant.

16. Because all of such actions were committed wilfully, maliciously and with gross disregard for the rights of Plaintiff, Plaintiff further seeks recovery of punitive or exemplary damages from Defendant in an amount exceeding the minimum jurisdictional limits of the Court, to be assessed by the factfinder in accordance with applicable provisions of law.

17. The damages to Plaintiff are substantial, ongoing, and irreparable, such that monetary relief will not adequately compensate Plaintiff for his damages. Since there is no lawful justification for the issuance and the failure to retract such fraudulent 1099, and Plaintiff will suffer irreparable damages that will only increase with time, Plaintiff requests that the Court issue its Temporary Injunction ordering Defendant immediately to issue a notice to the United States Internal Revenue Service withdrawing and cancelling the fraudulent 1099, and reporting that the actual amount paid to Plaintiff during calendar year 2008 was zero, and that Defendant, its agents, representatives, employees, officers, directors, accountants, attorneys, and all other persons or entities purporting to act on its behalf refrain from reporting any alleged income paid to Plaintiff pending final determination herein.

18. Plaintiff further requests that upon final trial hereof, the Court enter its permanent injunction against Defendant, its agents, representatives, employees, officers, directors, accountants, attorneys, and all other persons or entities purporting to act on its behalf, and any persons in active

**PLAINTIFF'S ORIGINAL PETITION AND**
**APPLICATION FOR INJUNCTIVE RELIEF-** PAGE 5

concert or participation with them who receive actual notice of the Order, of and from issuing any Form 1099 or other reporting to the United States Internal Revenue Service of any income or payments of any sort other than amounts actually paid, received, and accepted by Plaintiff, or otherwise communicating with any tax authority or law enforcement authority claiming that Plaintiff has received income when in fact he has not.

## COUNT II

19. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 18 above as if the same were fully set forth herein.

20. This is a cause of action for issuance of a false and fraudulent information return filed with the United States Internal Revenue Service, which is actionable pursuant to 26 U.S.C. §7434.

21. Such fraudulent 1099 has caused, and will continue to cause, substantial and ongoing harm and damage, including but not limited to disparagement, loss of personal and business reputation, and exposure to civil and criminal penalties, by falsely representing that Plaintiff has received $500,000.00 when in fact he has not, to Plaintiff in amounts far exceeding the minimum jurisdictional limits of this Court, for which Plaintiff demands recovery of and from Defendant. Plaintiff seeks recovery of his actual and consequential damages, or the sum of $5,000.00, whichever is greater.

22. The damages to Plaintiff are substantial, ongoing, continuing, and irreparable, such that monetary relief will not adequately compensate Plaintiff for his damages. Unless the fraudulent 1099 is rescinded or withdrawn, the damages to Plaintiff will continue and will increase. Since there is no lawful justification for the issuance and the failure to retract such fraudulent 1099, and Plaintiff

will suffer irreparable damages that will only increase with time, Plaintiff requests that the Court issue its Temporary Injunction ordering Defendant immediately to issue a notice to the United States Internal Revenue Service withdrawing and cancelling the fraudulent 1099, and reporting that the actual amount paid to Plaintiff during calendar year 2008 was zero, and that Defendant, its agents, representatives, employees, officers, directors, accountants, attorneys, and all other persons or entities purporting to act on its behalf refrain from reporting any alleged income paid to Plaintiff pending final determination herein.

23. Plaintiff further requests that upon final trial hereof, the Court enter its permanent injunction against Defendant, its agents, representatives, employees, officers, directors, accountants, attorneys, and all other persons or entities purporting to act on its behalf, and any persons in active concert or participation with them who receive actual notice of the Order, of and from issuing any Form 1099 or other reporting to the United States Internal Revenue Service of any income or payments of any sort other than amounts actually paid, received, and accepted by Plaintiff, or otherwise communicating with any tax authority or law enforcement authority claiming that Plaintiff has received income when in fact he has not.

24. Because all of such actions were committed wilfully, maliciously and with gross disregard for the rights of Plaintiff, Plaintiff further seeks recovery of punitive or exemplary damages from Defendant in an amount exceeding the minimum jurisdictional limits of the Court, to be assessed by the factfinder in accordance with applicable provisions of law.

25. Plaintiff further seeks recovery of his reasonable and necessary attorneys' fees, for all actions in the trial court, the Court of Appeals, and the Supreme Court, in amounts exceeding the

minimum jurisdictional limits of this Court.

## COUNT III

26. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 25 above as if the same were fully set forth herein.

27. This is an action for invasion of privacy. Defendant's public communications falsely asserting that Plaintiff has been paid $500,000.00 have placed Plaintiff in a false light in the public eye, in a manner which would be highly offensive to a reasonable person of ordinary sensibilities. At all material times Defendant acted willfully, maliciously, and with knowledge of the falsity of the information.

28. As a proximate result of Defendant's false public communications, Plaintiff has been seriously and irreparably injured in his good name and reputation in the community and his business and good name have been exposed to contempt and ridicule in the community.

29. As the proximate result of the unlawful acts of Defendant, Plaintiff has suffered actual and consequential damages, including damage to business reputation of Plaintiff, and mental anguish and emotional distress for the Plaintiff, in amounts exceeding the minimum jurisdictional limits of this Court, and which are irreparable, for which Plaintiff demands judgment against Defendant, to the extent that he is not fully compensated for by the injunctive relief to be awarded herein.

30. Because such acts were conducted maliciously, willfully, and with wanton and gross disregard for the rights of Plaintiff, Plaintiff demands judgment against Defendant for punitive or exemplary damages in amounts exceeding the minimum jurisdictional limits of this Court in order to make of Defendant an example for the public good and to deter future wrongdoing.

31. The damages to Plaintiff are substantial, ongoing, and irreparable, such that monetary relief will not adequately compensate Plaintiff for his damages. Since there is no lawful justification for the issuance and the failure to retract such fraudulent 1099, and Plaintiff will suffer irreparable damages that will only increase with time, Plaintiff requests that the Court issue its Temporary Injunction ordering Defendant immediately to issue a notice to the United States Internal Revenue Service withdrawing and cancelling the fraudulent 1099, and reporting that the actual amount paid to Plaintiff during calendar year 2008 was zero, and that Defendant, its agents, representatives, employees, officers, directors, accountants, attorneys, and all other persons or entities purporting to act on its behalf refrain from reporting any alleged income paid to Plaintiff pending final determination herein.

32. Plaintiff further requests that upon final trial hereof, the Court enter its permanent injunction against Defendant, its agents, representatives, employees, officers, directors, accountants, attorneys, and all other persons or entities purporting to act on its behalf, and any persons in active concert or participation with them who receive actual notice of the Order, of and from issuing any Form 1099 or other reporting to the United States Internal Revenue Service of any income or payments of any sort other than amounts actually paid, received, and accepted by Plaintiff, or otherwise communicating with any tax authority or law enforcement authority claiming that Plaintiff has received income when in fact he has not.

### COUNT IV

33. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 32 above as if the same were fully set forth herein.

34. This is a cause of action for negligence *per se* in violation of the common law of the

PLAINTIFF'S ORIGINAL PETITION AND
APPLICATION FOR INJUNCTIVE RELIEF-                                                              PAGE 9

State of Texas.

35. The actions of the Defendant in issuing and publishing the fraudulent 1099 constitute violations of the criminal laws of the United States, constituting perjury, false and fraudulent information reporting to the United States Internal Revenue Service, and mail fraud in violation of 18 U.S.C. §1341.

36. Such conduct on the part of Defendant was in violation of the prohibition of such criminal statutes, and Plaintiff was and is within the zone of persons designed to be protected from injury by such statutes. As the direct and proximate result of such illegal conduct of Defendant, Plaintiff has suffered actual and consequential damages, including damage to business reputation of Plaintiff, and mental anguish and emotional distress for the Plaintiff, in amounts exceeding the minimum jurisdictional limits of this Court, and which are irreparable, for which Plaintiff demands judgment against Defendant, to the extent that he is not fully compensated for by the injunctive relief to be awarded herein.

37. Because such acts were conducted maliciously, willfully, and with wanton and gross disregard for the rights of Plaintiff, Plaintiff demands judgment against Defendant for punitive or exemplary damages in amounts exceeding the minimum jurisdictional limits of this Court in order to make of Defendant an example for the public good and to deter future wrongdoing.

38. The damages to Plaintiff are substantial, ongoing, and irreparable, such that monetary relief will not adequately compensate Plaintiff for his damages. Since there is no lawful justification for the issuance and the failure to retract such fraudulent 1099, and Plaintiff will suffer irreparable damages that will only increase with time, Plaintiff requests that the Court issue its Temporary Injunction ordering Defendant immediately to issue a notice to the United States Internal Revenue

Service withdrawing and cancelling the fraudulent 1099, and reporting that the actual amount paid to Plaintiff during calendar year 2008 was zero, and that Defendant, its agents, representatives, employees, officers, directors, accountants, attorneys, and all other persons or entities purporting to act on its behalf refrain from reporting any alleged income paid to Plaintiff pending final determination herein.

39.   Plaintiff further requests that upon final trial hereof, the Court enter its permanent injunction against Defendant, its agents, representatives, employees, officers, directors, accountants, attorneys, and all other persons or entities purporting to act on its behalf, and any persons in active concert or participation with them who receive actual notice of the Order, of and from issuing any Form 1099 or other reporting to the United States Internal Revenue Service of any income or payments of any sort other than amounts actually paid, received, and accepted by Plaintiff, or otherwise communicating with any tax authority or law enforcement authority claiming that Plaintiff has received income when in fact he has not.

## COUNT V.

40.   Plaintiff incorporates by reference the allegations of paragraphs 1 through 39 above as if the same were fully set forth herein.

41.   This is a cause of action for Declaratory Judgment pursuant to §37.003 of the Texas Civil Practice and Remedies Code whereby Plaintiff is seeking a declaration by the Court of the validity of the fraudulent 1099.

42.   Plaintiff seeks a declaration by the Court that the fraudulent 1099 is false, fraudulent, and fails to report adequately and truthfully the actual amount paid by Defendant to Plaintiff during the calendar year 2008, which actual amount was zero. Plaintiff further requests that the Court

enforce its declaration and finding with both temporary and permanent injunctive relief.

43. The damages to Plaintiff are substantial, ongoing, and irreparable, such that monetary relief will not adequately compensate Plaintiff for his damages. Since there is no lawful justification for the issuance and the failure to retract such fraudulent 1099, and Plaintiff will suffer irreparable damages that will only increase with time, Plaintiff requests that the Court issue its Temporary Injunction ordering Defendant immediately to issue a notice to the United States Internal Revenue Service withdrawing and cancelling the fraudulent 1099, and reporting that the actual amount paid to Plaintiff during calendar year 2008 was zero, and that Defendant, its agents, representatives, employees, officers, directors, accountants, attorneys, and all other persons or entities purporting to act on its behalf refrain from reporting any alleged income paid to Plaintiff pending final determination herein.

44. Plaintiff further requests that upon final trial hereof, the Court enter its permanent injunction against Defendant, its agents, representatives, employees, officers, directors, accountants, attorneys, and all other persons or entities purporting to act on its behalf, and any persons in active concert or participation with them who receive actual notice of the Order, of and from issuing any Form 1099 or other reporting to the United States Internal Revenue Service of any income or payments of any sort other than amounts actually paid, received, and accepted by Plaintiff, or otherwise communicating with any tax authority or law enforcement authority claiming that Plaintiff has received income when in fact he has not.

45. Plaintiff further seeks recovery of his reasonable and necessary attorneys' fees pursuant to §37.009 of the Texas Civil Practice and Remedies Code, because recovery of the same for Plaintiff would equitable and just.

**PLAINTIFF'S ORIGINAL PETITION AND**
**APPLICATION FOR INJUNCTIVE RELIEF-**                                                                  PAGE 12

WHEREFORE, Plaintiff, H. Glenn Gunter, prays that Defendant Empire Pipeline Corporation be cited to appear and answer herein, and that Plaintiff recover judgment as follows:

1. That the Court issue its Temporary Injunction ordering Defendant immediately to issue a notice to the United States Internal Revenue Service withdrawing and cancelling the fraudulent 1099, and reporting that the actual amount paid to Plaintiff during calendar year 2008 was zero, and pending final trial hereof, that Defendant, its agents, representatives, employees, officers, directors, accountants, attorneys, and all other persons or entities purporting to act on its behalf refrain from reporting any alleged income paid to Plaintiff unless and until any monies are actually paid to Plaintiff;

2. That upon final trial hereof, the Court enter its permanent injunction against Defendant, its agents, representatives, employees, officers, directors, accountants, attorneys, and all other persons or entities purporting to act on its behalf, and any persons in active concert or participation with them who receive actual notice of the Order, of and from issuing any Form 1099 or other reporting to the United States Internal Revenue Service of any income or payments of any sort other than amounts actually paid, received, and accepted by Plaintiff, or otherwise communicating with any tax authority or law enforcement authority claiming that Plaintiff has received income when in fact he has not;

3. That the Court award Plaintiff judgment for all his actual and consequential damages from Defendant, including mental anguish, and emotional distress, in an amount exceeding the minimum jurisdictional limits of the Court, or $5,000.00, whichever is greater, to the extent that the injunctive relief provided herein does not fully compensate Plaintiff for all the wrongful actions and omissions of Defendant;

4. That the Court award Plaintiff punitive or exemplary damages from Defendant, in an amount exceeding the minimum jurisdictional limits of the Court, to be assessed by the factfinder in accordance with applicable provisions of law; plus

5. Prejudgment and postjudgment interest to the maximum extent allowed by law;

6. Costs of court, and

7. General relief.

Respectfully submitted,

**PLAINTIFF'S ORIGINAL PETITION AND
APPLICATION FOR INJUNCTIVE RELIEF-**                                                    PAGE 13

LAW OFFICES OF LIPPE & ASSOCIATES

By: ___*Emil Lippe, Jr.*___
Emil Lippe, Jr.
State Bar No. 12398300
Plaza of the Americas, South Tower
600 N. Pearl Street, Suite S2460
Dallas, Texas 75201
Phone: 214-855-1850
Fax:   214-720-6074

ATTORNEYS FOR PLAINTIFF

PLAINTIFF'S ORIGINAL PETITION AND
APPLICATION FOR INJUNCTIVE RELIEF-               PAGE 14

## AFFIDAVIT

STATE OF TEXAS )
)
COUNTY OF _____ )

BEFORE ME, the undersigned authority, on this day personally appeared H. Glenn Gunter, who after being duly sworn on his oath deposes and says as follows:

"My name is H. Glenn Gunter. I am the Plaintiff in the above entitled cause. I am over the age of twenty-one years, of sound mind and have never been convicted of a crime involving moral turpitude. I am authorized and qualified in all respects to make this affidavit. I have personal knowledge of all facts stated in this affidavit and they are all true and correct.

"I have read the foregoing Plaintiff's Original Petition and Application for Injunctive Relief, and the contents thereof. I have personal knowledge of the facts stated therein and they are all true and correct."

_____
H. GLENN GUNTER

SUBSCRIBED AND SWORN to before me this 17 day of February, 2009, to certify which witness my hand and seal of office.



CAREY MURPHY
My Commission Expires
November 14, 2012

_____
NOTARY PUBLIC, STATE OF TEXAS

My Commission Expires:

11-14-12